UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0243-JMS-DML-1 |
| | ) | |
| JOSHUA NEIL GWINN, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on August 11, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on August 28, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 28, 2014, defendant Joshua Neil Gwinn appeared in person with his appointed counsel, Bill Dazey. The government appeared by Melanie Conour, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tasha Taylor, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Gwinn of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Gwinn questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Gwinn and his counsel, who informed the court they had reviewed the Petition and that Mr. Gwinn understood the violations alleged. Mr. Gwinn waived further reading of the Petition.

3. The court advised Mr. Gwinn of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Gwinn was advised of the rights he would have at a preliminary hearing. Mr. Gwinn stated that he wished to waive his right to a preliminary hearing.

4. Mr. Gwinn stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Gwinn executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Gwinn of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Gwinn, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, 6, and 7 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

Subsequent to a maintenance polygraph examination, on June 12, 2014, Mr. Gwinn made disclosures to the probation officer stating from the time of his commencement of supervised release in November 2013 until approximately March 2014, he "brokered" marijuana drug transactions approximately three to four times. Reportedly, he was usually given up to $50 per transaction from family members to purchase marijuana on their behalf, which he then used to purchase the drug from a friend, and would deliver it to his family member. He denies receiving a profit for his participation. He also claims he helped others find "pills" on occasion, but denies he was involved in the transactions. Mr. Gwinn further reported on one occasion, he took a Flexeril pill (muscle relaxant), which was prescribed to someone other than himself.

| | |
|---|---|
| 4 | **"The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the U.S. Probation Officer."** |
| 5 | **"The defendant shall not be associated with children under the age of 18 except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the U.S. Probation Officer."** |

Following the aforementioned polygraph examination, on June 12, 2014, the offender made disclosures to the probation officer indicating he had contact with minor children without obtaining permission as required. From about December 2013 through approximately May 2014, he stayed overnight at his sister's residence in Elwood, Indiana, on at least four occasions. A total of five children ranging in ages from approximately 4 to 9 years old reside at this home. On approximately May 25, 2014, he admitted he was briefly left unattended with two of the minor girls when the other adults left to look for a missing dog. Additionally, in either March

or April 2014, Mr. Gwinn said he spent three nights at a friend's home, where a 17-year-old girl also lived. On approximately nine occasions, he has also visited the home of this aunt in Windfall, Indiana, where a 15-year-old boy resides. Prior to all of these occasions, he had not requested authorization from the probation officer to have contact with minor children.

6 **"The defendant shall not commit another federal, state, or local crime."**

On June 12, 2014, the offender was convicted in the Edgewood Town Court, Madison County, Indiana, under cause number 48101-1404-CM-00970 of Reckless Driving, a misdemeanor. He was sentenced to 180 days incarceration, suspended. According to the Probable Cause Affidavit, he drove 83 miles per hour (mph) in a 55 mph zone and disregarded various stop signs. In addition to the misdemeanor charge, Mr. Gwinn pled guilty to infractions of Speeding and Failure to Stop (Disregarding a Stop Sign).

7 **"The defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment is available."**

On June 12, 2014, Mr. Gwinn told the probation officer he received an electronic video via the computer from a friend in Nevada. The video depicted his friend, reportedly a 33-year-old woman, displaying and touching her genitalia in a sexually explicit manner. Additionally, he reported he has taken a picture of his genitals by use of his sister's cellular telephone to send to various friends, but denies doing it for sexual gratification. In January 2014, the offender stated he went inside a "strip club" in Anderson, Indiana. Also, he said he used a computer at his mother's home to access adult "girl on girl" pornography "within weeks" of the commencement of his supervision.

7. The court placed Mr. Gwinn under oath and directly inquired of Mr. Gwinn whether he admitted violations 1, 2, 3, 4, 5, 6, and 7 of his supervised release set forth above. Mr. Gwinn admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Gwinn's criminal history category is IV.

4

(c) The range of imprisonment applicable upon revocation of Mr. Gwinn's supervised release, therefore, is 12-18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court; they did not, however, agree on all the terms and conditions of his supervised release, as explained below.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JOSHUA NEIL GWINN, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months, with fifty-four (54) months of supervised release to follow. The terms of release ordered by the W.D. Oklahoma shall apply to his supervised release. The defendant earlier agreed to and the court imposed the following additional conditions of supervised release:

A. The defendant shall provide the probation officer access to any requested financial information;

B. The defendant shall not possess or use a computer or other related hardware or software (including any Internet-enabled device) during the time of supervised release, unless approved by the probation officer. Should he be granted approval to use a computer or other related hardware or software (including any Internet-enabled device), he must agree to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of al computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer; and

C. For purposes of sex offender treatment, the Court authorizes the release of the presentence report to the mental health treatment provider.

The defendant is to self-report upon designation of the Federal Bureau of Prisons to be made following the district court's action on this Report and Recommendation. The Court will recommend placement at a facility close to Indianapolis, Indiana. Until such designation, the defendant is to remain on the current conditions of supervised release including his psychosexual treatment program.

10. The parties (including USPO) did not agree on all of the terms and conditions of Mr. Gwinn's supervised release. Mr. Gwinn had agreed in writing on November 7, 2013, to certain modifications, and at the hearing acknowledged his continued agreement. All of these modifications, except one addressed below, are adopted as set forth in paragraph 9. USPO requested that the search provision in Mr. Gwinn's November 7, 2013 agreement be deleted because (1) it is inconsistent with this district's current search policy and (2) an appropriate search condition is already included in Mr. Gwinn's original conditions entered by the W.D. Oklahoma. The court granted that request. USPO further requested that the court impose a substance abuse treatment program as a condition, and the defendant objected. The court denied that request as not supported by the evidence presented at this hearing. The defendant also reserved the right to seek modification of other terms and conditions of his supervised release in a timely manner so that the matters can be resolved by the time Mr. Gwinn begins his new term of supervised release. Counsel and USPO are directed to confer and try to reach agreement on modifications to propose to the Court. If they cannot reach agreement, they should file an appropriate motion(s) for modification to permit argument and resolution before Mr. Gwinn's release from the Bureau of Prisons.

Counsel for the parties and Mr. Gwinn stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

6

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rule of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Gwinn entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Gwinn's supervised release, imposing a sentence of imprisonment of six (6) months, with fifty-four (54) months of supervised release to follow. The defendant agrees with the additional conditions of supervised release listed under paragraph 9. The defendant is to self-report upon designation of the Federal Bureau of Prisons. The Court will recommend placement at a facility close to Indianapolis, Indiana. Until such designation, the defendant is to remain on the current conditions of supervised release.

IT IS SO RECOMMENDED.

Date: September 15, 2014

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal