UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-00243-JMS-DML |
| | ) | |
| JOSHUA NEIL GWINN (01), | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Having reviewed Magistrate Judge Mark Dinsmore's Report and Recommendation dkt. [37] recommending that Joshua Neil Gwinn's supervised release be revoked, pursuant to Title 18 U.S.C. §3401(i), Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583, and with no objections being filed, the Court **APPROVES and ADOPTS** Magistrate Judge Dinsmore's Report and Recommendation dkt. [37]. The Court finds that Mr. Gwinn committed Violation Numbers 1, 2, 3, 4, 5, 6, 7, and 8 as alleged by the U.S. Probation Office in its *Petition for Warrant or Summons for Offender under Supervision* dkt [27]. The Court now orders that the defendant's supervised release is therefore **REVOKED**, and Mr. Gwinn is sentenced to the custody of the Attorney General or his designee for a period of six (6) months imprisonment and twenty-four (24) months of supervised release to follow (conditions modified as below).

In addition to the mandatory conditions of supervision, the following conditions of supervised release be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

These conditions are recommended to assist the probation officer and to ensure the safety of the community. Given Mr. Gwinn's instant offense, and accompanied by his violation behavior while on supervised release, the aforementioned conditions are prudent.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse testing, sexual disorder assessment/treatment, physiological testing, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not use or possess alcohol.

Given the offender's substance abuse history and a conviction for an alcohol-related offense while under supervision, these conditions are crucial in helping to hold him accountable and assisting him in his rehabilitation.

18. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The Court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

Due to self reports of experiences with depression and his belief he needs to be evaluated to determine any undiagnosed mental illness, it is recommended Mr. Gwinn be assessed by a mental health professional and comply with any recommended treatment program.

19. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the Court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits or intentional communications (unsupervised or supervised), you must

notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

20. You shall not engage in any meetings, communications, activities, or visits with any of the victim(s) involved in this case, prior sex offense cases, or members of the family of such victim(s) without prior approval from the Court.

21. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the Court.

22. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be registered sex offender or to have convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the Court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

23. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

24. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

25. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

26. You shall participate in a program for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The Court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

27. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

These conditions are recommended given the nature of the offender's instant offense, as well as the offender's prior convictions for contact sex offenses involving minor children.

28. You shall not be at any residence where children under the age of 18 are residing without the prior written permission of the U.S. Probation Officer.

These conditions are recommended given the nature of the offender's instant offense, as well as the offender's prior convictions for contact sex offenses involving minor children.

Date: 6/14/2018

*Jane Magnus-Stinson* (signature)
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal